UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 25-0729 (UNA) |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint and this civil action without prejudice.

The complaint begins with references to truancy, *see* Compl. at 4, and ends with allegations that plaintiff "was the only living student attending school in Delaware" in 1995, *id*. at 6. In between are allegations that "[n]early all schools in Delaware cannot be attended and survived," *id*. at 4, mention of rape and murder, *see, e.g., id*. at 5, and plaintiff's desire to prosecute an unidentified individual for attempted murder, *see id*. at 6. Plaintiff demands damages of $495,000,000. *Id*.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts

1

are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice.

A separate order will issue.

/s/
CHRISTOPHER R. COOPER
United States District Judge

DATE: March 26, 2025